Marcus R. Mumford (admitted *pro hac vice*)
405 South Main, Suite 850
Salt Lake City, UT 84111
(801) 428-2000
mrm@mumfordpc.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:17-mc-00348-JCC |
| *Plaintiff*, | |
| v. | SUPPLEMENTAL MOTION FOR AND ENLARGEMENT OF TIME TO FILE RESPONSE TO COURT'S ORDER TO SHOW CAUSE DATED APRIL 12, 2017 |
| AMMON BUNDY, *et al*, | |
| *Defendants*. | Judge John C. Coughenour |

Since filing my response to the Court's November 3, 2017, order to show cause and motion for an enlargement of time, I have spent every waking moment to finalize my response to the order to show cause issued on April 12, 2017 [Doc. 2069]. But as of the early morning hours when this additional request is filed, I estimate that I need a few more hours to finalize the Response. I realize that the Court may view my requests as trying the patience of the Court. My response and motion filed last Friday night set forth significant grounds to extend the time, and included a provisional response that I filed to show the progress made and amount of work this project has required. I would incorporate those reasons here and explain further that one of the realizations I have made while working on the Response is how significant and important it is that my Response is complete and thorough, as the reciprocal effect of an adverse decision will be debilitating in terms of the time it would require for me to address this matter in any reciprocal proceeding, and the possible adverse career-limiting if not –ending consequences it would have when one considers the rules of reciprocity that apply in the jurisdictions where I am admitted or practice proceeding under an admission pro hac vice. In the Response that I am

1

preparing, I point out how the unfairness that would result if the court was to decide this matter adversely to me. I also pointed out how the Department of Justice recently filed an ethics complaint against me with the State of Utah and other jurisdictions where I am admitted, including New York, California, and Idaho, which appears to seek a reciprocal effect, in that it references these proceedings.[1] And I address the other reasons why disciplinary sanctions are not warranted. What this means now is that I cannot shortcut matters in preparing and presenting a final, readable and exhaustive Response. As an additional reason, I have reviewed the provisional draft filed with the response I filed on Friday, and I have identified at least one instance where I made an inappropriate comment (in apparent frustration or anger) that I should not have made and which would be inappriate for me to assert in any kind of court filing, let alone a response to an order to show cause raising disciplinary sanctions. I cannot let that kind of a provisional document serve as the document upon which my conduct in this matter is to be adjudicated.

I intend to continue working on the Response until it is finished today. Accordingly, given that I requested on Friday night to extend time until last night, but still have not finished, and based on same reasons asserted in addition to those asserted here, I request one additional day to complete and file my response before today's end, adequately and appropriately footnoted, and with fully-developed arguments that the court should apply in considering this matter.

    DATED: November 12, 2017

                                    /s/ Marcus R. Mumford

---

[1] *See* Tom Harvey, Feds File Complaint Against Lawyer Representing On-Trial Utah Investment Guru, Salt Lake Tribune, Sept. 7, 2017, available at http://www.sltrib.com/news/business/2017/09/07/utah-investment-guru-gave-his-lawyer-an-iceberg-drive-inn-restaurantbr/.