Robert C. Weaver, Jr., OSB #801350
E-Mail: rweaver@gsblaw.com
Garvey Schubert Barer
Eleventh Floor
121 SW Morrison Street
Portland, Oregon 97204-3141
Telephone: (503) 228-3939
Facsimile: (503) 226-0259

*Attorney for United States District Court, District of Oregon*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| In Re:<br><br>MARCUS MUMFORD | Case No. 3:17-mc-00348-JCC<br><br>**DECLARATION OF ROBERT C. WEAVER IN SUPPORT OF MOTION TO STRIKE MARCUS R. MUMFORD'S MOTION TO DISMISS ORDER TO SHOW CAUSE DATED APRIL 12, 2017, AND ISSUED IN *UNITED STATES V. AMMON BUNDY, ET AL.*, CASE NO. 3:16-CR-0051 [DOC. 2069]; MOTION TO DISQUALIFY COUNSEL FOR THE DISTRICT COURT (DOC. NO. 14)**<br><br>The Honorable John C. Coughenour<br>United States District Court Western District of Washington |

I, Robert C. Weaver, Jr., declare as follows:

I am an attorney at the law firm of Garvey Schubert Barer and represent the United States District Court of Oregon in the above-captioned matter.  I submit this declaration in support of the Motion to Strike Marcus R. Mumford's Motion to Dismiss Order to Show Cause Dated April 12, 2017, and Issued in *United States v. Ammon Bundy, et al.*, Case No. 3:16-cr-0051 [Doc. 2069]; Motion to Disqualify Counsel for the District Court (Doc. No. 14).

1. Attached as **Exhibit A** is a true and correct copy of an Order to Mr. Mumford to show cause in *In re: Marcus Mumford*, Case No. 17-801, Court of Appeals for the Tenth Circuit.

**I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.**

Executed this 17th day of November, 2017.

*s/ Robert C. Weaver, Jr*
Robert C. Weaver, Jr.

GSB:9085888.2 [40722.00100]

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 3, 2017**

Elisabeth A. Shumaker
Clerk of Court

In re: MARCUS R. MUMFORD | No. 17-801

## ORDER

Marcus Mumford is retained counsel for the defendant-appellant in Tenth Circuit Appeal No. 16-4143, *United States v. Riddle*. In that appeal, Mr. Mumford filed three motions for extension of time to file his client's opening brief. Two of those motions failed to comply with 10th Cir. R. 27.5. Nevertheless, the court granted the motions and extended the opening brief deadline to January 17, 2017. That deadline came and went without Mr. Mumford filing his client's opening brief. Three days later, Mr. Mumford filed the opening brief, along with a motion for leave to file the brief out of time.

On February 2, 2017, the court granted Mr. Mumford's motion and accepted his client's late brief. In doing so, the court had occasion to review numerous other Tenth Circuit appeals in which Mr. Mumford failed to file a brief, petition or response to a court order by the applicable deadline, which was often extended multiple times prior to the late filing. *See, e.g.,* 16-4109, *United States v. Joseph* (late brief); 16-4091, *Utah Republican Party, et al. v. Cox* (late brief); 16-4058, *Utah Republican Party, et al. v. Herbert* (late appendix); 15-4190, *United States v. Drage* (late brief); 14-4107, *United States v. Koerber* (failure to file entry of appearance; late oversize brief); 14-4101, *In re: Mower, et al.* (late petition for rehearing); 14-4085, *Dutcher, et al. v. Matheson, et al.*

(late opening brief and appendix; late reply brief); 13-4090, *United States v. Johnson* (late opening and reply briefs); 12-4150, *Dutcher, et al. v. Matheson, et al.* (late opening brief and appendix); 12-601, *Koerber v. United States* (failure to respond to order to show cause; late response after deadline extended). In many of those appeals, Mr. Mumford filed motions for extensions of time and/or motions for leave to file documents out of time that did not comply with this court's rules regarding the timing of such motions (10th Cir. R. 27.5) and seeking the opposing party's position regarding the relief requested (10th Cir. R. 27.1).

In light of the foregoing, the court is concerned that Mr. Mumford's behavior evinces a pattern and practice of disregard for this court's rules, orders and deadlines. As a result, Mr. Mumford was referred to the court's attorney discipline panel, which resulted in the opening of this proceeding.

Within 20 days of the date of this order, Mr. Mumford may show cause in writing why he should not be subject to discipline including, but not limited to, monetary sanctions and/or suspension from the bar of this court. Failure to file a timely response to this order constitutes acquiescence in the imposition of discipline by this court.

>Entered for the Court,
>
>ELISABETH A. SHUMAKER, Clerk
>
>by: Chris Wolpert
>    Chief Deputy Clerk