THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| IN RE MARCUS R. MUMFORD. | CASE NO. 3:17-mc-0348-JCC<br><br>ORDER STRIKING MOTION TO RECUSE |

This matter comes before the Court on attorney Marcus Mumford's motion to recuse this Court from further consideration of the District Court for the District of Oregon's order to show cause why his *pro hac vice* admission should not be revoked (Dkt. No. 18) and the District of Oregon's motion to strike Mumford's motion to recuse (Dkt. No. 22). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the District of Oregon's motion to strike (Dkt. No. 22) for the reasons explained herein.

The facts surrounding this case have been described in previous orders (Dkt. Nos. 3, 5, 6, 9, 13, 17) and the Court will not repeat them here. Mumford moves to recuse this Court from further proceedings in this matter pursuant to 28 U.S.C. §§ 144 and 455. (Dkt. No. 18 at 16.) Mumford asserts both actual and apparent bias by this Court based on exposure to extrajudicial information in *U.S. v. Mumford*, Case No. CR17-0008-JCC, and statements this Court made in previous rulings in that matter as well as in this matter. (*Id*. at 2.)

Mumford's motion to recuse is procedurally deficient and untimely. Motions for recusal pursuant to 28 U.S.C. § 455 must be made "in a timely fashion." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992). Similarly, recusal pursuant to 28 U.S.C. § 144 requires the submission of a "timely and sufficient affidavit." *U.S. v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Mumford provides no such affidavit with his motion and even if he did, the motion would not be timely.

This Court was designated for further proceedings in this matter over six months ago. *See* Case No. CR16-0051-BR, Dkt. No. 2101. Since then, this Court has made a number of substantive rulings. (*See* Dkt Nos. 3, 5, 6, 9, 13, 17); Case No. CR16-0051-BR, Dkt. Nos. 2121, 2192. Mumford now moves for recusal after repeatedly failing to meet this Court's scheduling order, despite numerous extensions. As a result of his past failures to respond in a timely manner, this Court was left with no choice but to rule that it could accept no further briefing from Mumford. (Dkt. No. 13.) Otherwise, the District of Oregon would have been left with insufficient time to complete its briefing prior to a scheduled evidentiary hearing on the matter. The fact that Mumford waited so long to move for recusal, and did so only after being sanctioned by the Court for his past delays, suggests Mumford's current motion is primarily strategic. *See E. & J. Gallo Winery*, 967 F.2d at 1295.

For the reasons described above, this Court GRANTS the motion to strike (Dkt. No. 22) The Clerk is DIRECTED to strike Mumford's motion to recuse (Dkt. No. 18).

DATED this 5th day of December, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE