Robert C. Weaver, Jr., OSB #801350
E-Mail: rweaver@gsblaw.com
Eric A. Lindenauer, OSB #833721
Email: elindenauer@gsblaw.com
Joseph Arellano, OSB #801518
Email: jarellano@gsblaw.com
Patrick Conti, OSB #141308
Email: pconti@gsblaw.com
GARVEY SCHUBERT BARER
121 SW Morrison Street, 11th Floor
Portland, OR 97204
Telephone:  (503) 228-3939

*Attorneys for United States District Court,
District of Oregon*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| In Re:<br><br>MARCUS MUMFORD | Case No. 3:17-mc-00348-JCC<br><br>**DECLARATION OF PATRICK J. CONTI IN SUPPORT OF OPPOSITION TO MARCUS MUMFORD'S PROVISIONAL RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE; MEMORANDUM SUPPORTING PERMANENT** ***PRO HAC VICE*** **REVOCATION**<br><br>The Honorable John C. Coughenour<br>United States District Court Western District of Washington |

I, Patrick J. Conti, declare as follows:

I am an attorney at the law firm of Garvey Schubert Barer and represent the United States District Court of Oregon in the above-captioned matter. I submit this declaration in support of the Opposition to Marcus Mumford's Provisional Response to the Court's Order to Show Cause; Memorandum Supporting Permanent *Pro Hac Vice* Revocation.

1. Attached as **Exhibit 1** is a true and correct copy of Dkt. No. 14-1, which is an email dated December 2, 2016, from the Hon. Michael Mosman to Marcus R. Mumford and the Hon. John Coughenour, copied to Lisa Hay.

2. Attached as **Exhibit 2** is a true and correct copy of the cover page to a Rough Draft Transcript – Not a Final (Real Time Transcript) for Case Name: USA v. Bundy, 9-8-16.

3. Attached as **Exhibit 3** is a true and correct copy of an Order filed February 3, 2017, in Tenth Circuit Appellate Case 17-801, *In re: Marcus R. Mumford.*

4. Attached as **Exhibit 4** is a true and correct copy of an Order filed March 17, 2017, in Tenth Circuit Appellate Case 17-801, *In re: Marcus R. Mumford.*

**I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.**

Executed this 12th day of December, 2017.

*s/ Patrick J. Conti*
Patrick Conti

GSB:9160758.1

| | |
|---|---|
| Subject: | Re: Citations issued to me |
| Date: | Friday, December 2, 2016 at 4:36:36 PM Mountain Standard Time |
| From: | Michael_Mosman@ord.uscourts.gov <Michael_Mosman@ord.uscourts.gov> |
| To: | Marcus R. Mumford <mrm@mumfordpc.com>, John_Coughenour@wawd.uscourts.gov <John_Coughenour@wawd.uscourts.gov> |
| CC: | Lisa Hay <Lisa_Hay@fd.org> |
| Attachments: | ATT00001.jpg |

Mr. Mumford,

The judges in this district have been recused from this case. Judge Coughenour in Washington has agreed to preside. Please direct all further inquiries to him, bearing in mind that this is a contested matter so that ex parte contact would be inappropriate.



Michael Mosman
Chief U.S. District Court Judge
U.S. Courthouse
1000 SW 3rd Ave.
Portland, Oregon. 97204
503-326-8330
503-326-8339 (fax)

| | |
|---|---|
| From: | "Marcus R. Mumford" <mrm@mumfordpc.com> |
| To: | "Michael_Mosman@ord.uscourts.gov" <Michael_Mosman@ord.uscourts.gov> |
| Cc: | Lisa Hay <Lisa_Hay@fd.org> |
| Date: | 12/02/2016 03:22 PM |
| Subject: | Re: Citations issued to me |

Your honor:

I wanted to thank you for getting back to me with the email below several weeks ago. As I understand from media reports this week, the government has filed materials indicating that it intends to proceed with this matter. Ms. Hay (who I'm copying on this email) has graciously offered to help me find local counsel to assist in my defense. In the meantime, I would like to make arrangements to pick up the video surveillance of the incident that you ordered preserved, with any other discovery-type materials you have identified.

What is the best way to pick that up? Ms. Hay has offered to assist, including a willingness to arrange for her office to pick up the surveillance footage for safekeeping, while I make arrangements to obtain counsel. Would that work?

Also, as I thought through this matter, there are at least two other incidents involving the marshals in the courtroom, and, if possible, I would like to expand my request to include courtroom video surveillance footage of those incidents as well.

1. The first was, I believe, during a break in trial proceedings either mid-morning or mid-day on October 17, 2016. Judge Brown had granted our request for the in-custody defendants to

**Exhibit 1**
Page 1 of 3

remain in the courtroom during a break so that we could jointly discuss trial strategy and the government informant issue that developed in the last several days of trial. As I recall, the marshals became involved in our joint defense discussion in a way that I did not feel was helpful. When I pointed out that out to them, they confronted me, and began accusing me of "threatening a U.S. marshal." At that point, others intervened, but as I recall, it really surprised and bothered me because of how out of character it was for how courtroom marshals ordinarily conduct themselves. I feel like a record of that incident would assist in my defense in this matter to demonstrate a pattern of overreaction on the marshals' part, where they initiated conflict unnecessarily.

2. The second is the hearing in Judge Jones' courtroom that I described in my original email below. I believe it was October 7, 2016, at approximately 1 or 1:30 p.m. As I recall, one of the two marshals in attendance raised his voice in an abusive manner at Judge Jones. While I am not certain that any video surveillance footage would be relevant, it may be because, as I explained in my original email, I feel like the marshal yelling at Judge Jones was one of the primary instigators in the October 27th incident. Also, as I recall, the marshals attending the hearing that day described an in camera meeting they had with Judge Jones prior to the hearing, which I did not attend or know about before it was mentioned in the hearing. If possible, I would like to know if there is any record of the October 7th hearing or the in camera meeting between the marshals and Judge Jones. This request is lower priority than my requests for the video surveillance of the incidents on October 17th and 27th, but I would appreciate any effort that could be made to identify and gather these materials as well.

Thank you in advance for your time and consideration in these matters. Please let me know if you have any questions.

-Marcus

--
Marcus R. Mumford*

405 South Main, Suite 975

Salt Lake City, Utah 84111

Tel 801.428.2000

mrm@mumfordpc.com

*Admitted in California, New York, Idaho and Utah

CONFIDENTIAL:  This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify the sender immediately.

TAX ADVICE: IRS Rules of Practice require that we inform you that advice, if any, in this email concerning federal tax matters is not intended to be used, and cannot be used, for the purposes of avoiding penalties under the Internal Revenue Code nor for promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** "Michael_Mosman@ord.uscourts.gov"
**Date:** Saturday, October 29, 2016 at 7:56 PM
**To:** Marcus Mumford
**Cc:** "Anna_J_Brown@ord.uscourts.gov", "robert_jones@ord.uscourts.gov"
**Subject:** Re: Citations issued to me

Mr. Mumford,

I have just returned to Portland from a week away in D.C. I am getting up to speed on these issues, and hope to learn more on Monday. In the meantime, I can confirm that I have ordered preservation of all surveillance footage. In light of Judge Brown's family health emergency, please direct all future inquiries solely to me.

Thank you,

Chief Judge Michael W. Mosman
District of Oregon

Sent from my iPad

On Oct 29, 2016, at 2:35 PM, Marcus R. Mumford <mrm@mumfordpc.com> wrote:

Your Honors,
I have not received any response to the email I sent below. But I was informed by media outlets that the U.S. Marshals Service had the guile to issue the attached press release, which contains false characterizations of the events in question. For me, this increases the need for your Court to respond to confirm the preservation and production of surveillance footage. I request the courtesy of an immediate response to my requests.

-Marcus Mumford

**From:** Marcus Mumford
**Date:** Friday, October 28, 2016 at 11:43 AM
**To:** "Michael_Mosman@ord.uscourts.gov", "Anna_J_Brown@ord.uscourts.gov"
**Cc:** "robert_jones@ord.uscourts.gov"
**Subject:** Citations issued to me

Your Honors,
When I was admitted pro hac vice to your court in June in the case, US v. Bundy, et al., 3:16-cr-00051-BR, I recall being reminded that I was a guest. I always tried to respect that fact. I wanted to thank you for the professionalism I've experienced here since that time. As I said to you, Judge Brown, when being escorted from the courtroom yesterday, it's been an honor to practice in front of you. No matter our differences, for me, it never extended beyond any particular ruling, and to see the indefatigable effort that you put into such a difficult and

**Exhibit 1**
**Page 2 of 3**

important case inspired me to try and give just as much effort on behalf of my client. And, as I frequently shared with co–defendants' counsel and my own client, it was a further honor to see how much your Court invests in providing indigent defense. The quality of lawyering that I observed from the federal defenders and CJA panel attorneys that I had the honor of working with is head and shoulders above any of the other federal courts I've practiced in front of.

So it is with deep regret that I write concerning the citations I received following the jury's verdict. I received two US District Court citations charging me under the CFR for impeding the performance of official duties and failure to comply with lawful directive.

Regarding the situation, I had understood that, following the verdict, Judge Brown acknowledged that my client was released from her supervision, to which I responded by asking the marshals to show me the paperwork that authorized them to retain my client in custody. Contrary to some news reports, it was not an escalating situation. After Judge Brown admonished me for raising my voice, I recall leaning into the microphone so as to make that unnecessary as I tried to explain my understanding and position on the issue. I tried to explain how this was related to the issue I had attempted to raise in July regarding the improper dual prosecution of my client in two separate jurisdictions. For me, the issue was also related to the dispute that I do not believe has been resolved as to whether my client was arrested with a lawful warrant in the first place last January.

Further, I understand that the marshals refused and ignored Judge Brown's orders to stand down, going so far as to hit me with the taser gun after they put me on the ground with my hands behind my back. I would request that the court investigate the marshals for contempt. I will also tell you that, when my office continued to request paperwork last night from the marshals' office authorizing their retention of my client, we were informed that the marshals either did not have any such paperwork or could not locate it. Personally, I believe two of the primary instigators of this whole affair were the same marshals who had treated Judge Jones with such disrespect at a hearing a few weeks earlier when he asked them to explain why they revoked the contact visits that Judge Jones had helped arrange for us.

I intend to defend myself against the citations issued. In furtherance of that, I request that your Court preserve and provide to me any and all evidence that would show what happened, including any video and/or recorded surveillance, and all communications involving the marshals and/or court staff. I understand that may include the video feed to the 13th floor courtroom, and perhaps a court reporter's recording.

Informally, I will tell you that I am willing to engage in a discussion with the Court about where it feels my conduct did not live up to the expectations of a zealous advocate. I am eager to address and resolve this matter.

Thank you in advance for your time and consideration.

-Marcus

--

Marcus R. Mumford*

405 South Main, Suite 975

Salt Lake City, Utah 84111

Tel 801.428.2000

mrm@mumfordpc.com

*Admitted in California, New York, Idaho and Utah

CONFIDENTIAL:  This email is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the email and notify the sender immediately.

TAX ADVICE: IRS Rules of Practice require that we inform you that advice, if any, in this email concerning federal tax matters is not intended to be used, and cannot be used, for the purposes of avoiding penalties under the Internal Revenue Code nor for promoting, marketing or recommending to another party any transaction or matter addressed herein.

<Bundy US Marshall Press Release.pdf>

**Exhibit 1**
**Page 3 of 3**

ROUGH DRAFT TRANSCRIPT - NOT A FINAL

ROUGH DRAFT - NOT A FINAL TRANSCRIPT

*** ROUGH DRAFT TRANSCRIPT ***

---

CASE NAME: USA v. Bundy

9-8-16

---

This is an unedited, unproofread, uncertified transcript for attorneys' information only. This transcript may NOT be cited or quoted in documents or used for examination purposes.

This raw transcripts may contain the following:

1. Conflicts - an apparently wrong word that has the same stenotype stroke as a less-used word. Conflicts are remedied by the reporter in editing.

2. Untranslates/Misstrokes - a stenotype stroke appears on the screen as the result of the computer dictionary not having the stroke previously identified or a misstroke or partial translation of the word.

3. Reporters' notes - a parenthetical word or phrase from the reporter. Since the reporter must write each word instantly, a misunderstood word or phrase will not be apparent until some time later. Reporter's notes provide the opportunity to correct such situations.

_____
REALTIME TRANSCRIPT

**Exhibit 2**
**Page 1 of 1**

FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

February 3, 2017

Elisabeth A. Shumaker
Clerk of Court

In re: MARCUS R. MUMFORD    No. 17-801
_____

**ORDER**
_____

    Marcus Mumford is retained counsel for the defendant-appellant in Tenth Circuit Appeal No. 16-4143, *United States v. Riddle*. In that appeal, Mr. Mumford filed three motions for extension of time to file his client's opening brief. Two of those motions failed to comply with 10th Cir. R. 27.5. Nevertheless, the court granted the motions and extended the opening brief deadline to January 17, 2017. That deadline came and went without Mr. Mumford filing his client's opening brief. Three days later, Mr. Mumford filed the opening brief, along with a motion for leave to file the brief out of time.

    On February 2, 2017, the court granted Mr. Mumford's motion and accepted his client's late brief. In doing so, the court had occasion to review numerous other Tenth Circuit appeals in which Mr. Mumford failed to file a brief, petition or response to a court order by the applicable deadline, which was often extended multiple times prior to the late filing. *See, e.g.,* 16-4109, *United States v. Joseph* (late brief); 16-4091, *Utah Republican Party, et al. v. Cox* (late brief); 16-4058, *Utah Republican Party, et al. v. Herbert* (late appendix); 15-4190, *United States v. Drage* (late brief); 14-4107, *United States v. Koerber* (failure to file entry of appearance; late oversize brief); 14-4101, *In re: Mower, et al.* (late petition for rehearing); 14-4085, *Dutcher, et al. v. Matheson, et al.*

Exhibit 3
Page 1 of 2

(late opening brief and appendix; late reply brief); 13-4090, *United States v. Johnson* (late opening and reply briefs); 12-4150, *Dutcher, et al. v. Matheson, et al.* (late opening brief and appendix); 12-601, *Koerber v. United States* (failure to respond to order to show cause; late response after deadline extended). In many of those appeals, Mr. Mumford filed motions for extensions of time and/or motions for leave to file documents out of time that did not comply with this court's rules regarding the timing of such motions (10th Cir. R. 27.5) and seeking the opposing party's position regarding the relief requested (10th Cir. R. 27.1).

In light of the foregoing, the court is concerned that Mr. Mumford's behavior evinces a pattern and practice of disregard for this court's rules, orders and deadlines. As a result, Mr. Mumford was referred to the court's attorney discipline panel, which resulted in the opening of this proceeding.

Within 20 days of the date of this order, Mr. Mumford may show cause in writing why he should not be subject to discipline including, but not limited to, monetary sanctions and/or suspension from the bar of this court. Failure to file a timely response to this order constitutes acquiescence in the imposition of discipline by this court.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

by: Chris Wolpert
    Chief Deputy Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

**March 17, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

_____

In re: MARCUS R. MUMFORD                 No. 17-801

_____

## ORDER
_____

Before **TYMKOVICH**, Chief Judge, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

This matter is before us on Marcus R. Mumford's *Response to Order to Show Cause* and *Motion to Accept Late Response*. Mr. Mumford's *Motion to Accept Late Response* is granted, and the request for a hearing contained in his *Response* is denied. Our February 3, 2017 order to show cause is discharged as follows.

Upon careful consideration of Mr. Mumford's response, we have concluded that an admonishment is sufficient to resolve this matter at this time. Mr. Mumford's failure to comply with this court's deadlines, rules and directives is inconsistent with the standards of practice required of attorneys admitted to appear before this court. Mr. Mumford is cautioned that his failure to fully resolve the issues set forth in our February 3, 2017 order to show cause will result in the imposition of further discipline up to and

Exhibit 4
Page 1 of 2

including disbarment from the bar of this court.

                        Entered for the Court
                        ELISABETH A. SHUMAKER, Clerk

                        by: Chris Wolpert
                            Chief Deputy Clerk

Exhibit 4
Page 2 of 2